MOORE, Chief Justice
(concurring specially).
I agree that the Alabama Uniform Adult Guardianship and Protective Proceedings Jurisdiction Act, § 26-2B-301 et seq., Ala. Code 1975 (“the Act”), does not permit a probate court to change a guardian or conservator until it first issues a final order accepting transfer of the case from a foreign jurisdiction in response to a final order from that court. See § 26-2B-302(f), Ala.Code 1975. The policy of the Act is to preserve the guardianship intact during its transfer from one state to another, thus “eliminating any ‘black-out’ period between the termination of the guardianship in one state and its re-creation in *159 another.” Stephen Rauls, Family Law— Guardianship — The Uniform Adult Guardianship and Protective Proceedings Jurisdiction Act: A Uniform Solution to an Arkansas Problem, 33 U. Ark. Little Rock L. Rev. 75, 83 (2010). The Act accordingly prevents relitigation of the incapacity or appointment issues in the accepting state until the transfer is complete. “In granting a petition under this section, the court shall recognize a guardianship or conservatorship order from the other state, including the determination of the incapacitated or protected person’s incapacity and the appointment of the guardian or conservator.” § 26-2B-302(g), Ala. Code 1975 (emphasis added). See Hugh M. Lee, Alabama’s New Uniform Guardianship and Protective Proceedings Jurisdiction Act: Providing Clear Guidance for the Management and Resolution of Interstate Gtiardianship and Conservatorship Disputes, 71 Ala. Lawyer 388, 392 (2010) (“In accepting the transfer of the case, the receiving court must defer to the transferring court’s finding of incapacity and choice of the guardian or conservator.”).
Because in this case acceptance of the transfer was only provisional until ratified by a final order from the Kentucky court, the Alabama probate court acted prematurely when it appointed a new guardian and conservator.[4]

. The statutory order of proceedings is as follows: (1) The transferring court issues a provisional order of transfer; (2) the accepting court issues a provisional order of acceptance; (3) the transferring court issues a final order of transfer; (4) the accepting court issues a final order of acceptance. See Lee, Providing Clear Guidance, 71 Ala. Lawyer at 392 ("[T]he receiving court must accept the transfer before the transferring court may issue a final order transferring the case.”).